# IN THE COURT OF APPEALS OF IOWA

No. 18-1836
Filed May 15, 2019

IN RE THE MARRIAGE OF ALEXIS LANEIS BUMANN
AND CORY BUMANN

Upon the Petition of
ALEXIS LANEIS BUMANN, n/k/a ALEXIS LANEIS ANDERSON
        Petitioner-Appellee,

And Concerning
CORY BUMANN,
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Ida County, Jeffrey L. Poulson,

Judge.


        A father appeals the district court's modification of the physical-care

provisions of a dissolution-of-marriage decree. **AFFIRMED.**


        Amanda Van Wyhe of Van Wyhe Law Firm & Mediation Center, PLC, Sioux

City, for appellant.

        T. Cody Farrens of Farrens Law Firm, P.L.L.C., Sioux City, for appellee.


        Considered by Doyle, P.J., Mullins, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**MULLINS, Judge.**

The marriage of Alexis Anderson, formerly Alexis Bumann, and Cory Bumann was dissolved in November 2016. By stipulation, approved by the district court, the parties were awarded joint legal custody and shared physical care of their child, M.B., born in 2014. Alexis has another daughter, born in 2013, from another relationship prior to the marriage. In September 2017, Alexis remarried. She and her husband are in the military. In December, Alexis's husband was involuntarily transferred to Kentucky. In January 2018, Alexis petitioned for modification of the decree, seeking sole legal custody and physical care and citing her plans to move out of the state as a substantial change in circumstances. Cory contested modification and alternatively counterclaimed for physical care of M.B. The matter proceeded to trial. In September 2018, the district court entered its modification ruling, in which it ordered joint legal custody of M.B. and awarded Alexis physical care, with visitation to Cory. Cory filed a motion to reconsider, enlarge, or amend pursuant to Iowa Rule of Civil Procedure 1.904(2), which was largely denied by the court. Cory appeals, alleging the court erred in not awarding him physical care of M.B. and in placing too much emphasis on the value of M.B.'s sibling relationship with Alexis's other daughter.

We have reviewed the record de novo. *See* Iowa R. App. P. 6.907; *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015). The issues involve only the application of well-settled rules of law; disposition on appeal is clearly controlled by prior appellate rulings; the written decision of the district court considered all the issues presented in this appeal and we approve of the findings, analysis, and conclusions it reached; and a full opinion of this court would not augment or clarify

existing law. We affirm by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), (d), and (e). We deny each party's request for appellate attorney fees. Costs on appeal are assessed to Cory.

**AFFIRMED.**